**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**ALFRED SCOTT**                                                                           **PLAINTIFF**

**V.**                                                         **CASE NO. 2:09CV186**

**CIVES CORPORATION**
**SCOTT HORTON**                                                           **DEFENDANTS**

## **ORDER**

This cause comes before the court on the motion of defendants, Cives Corporation and Scott Horton, for judgment on the pleadings.

Plaintiff, Alfred Scott, filed suit alleging he was terminated from his employment in retaliation for filing a worker's compensation claim. Defendants then filed the instant motion to dismiss. Scott did not respond to the motion.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). While a complaint attacked by at Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L..Ed. 2d. 929 (2007)(internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must

plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id*. at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

Mississippi does not recognize a cause of action for retaliatory discharge related to the filing of Worker's Compensation claims. *Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874, 877 (Miss. 1981). As such Scott has failed to state a claim upon which relief can be granted.

Defendants' motion [4] for judgment on the pleadings is GRANTED.

This the 10th day of June, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**